IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DMITRI LITVINOV | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-01167 |
| | § | |
| BOWTECH, INC. | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Dmitri Litvinov ("Plaintiff") files this complaint against Defendants Bowtech, Inc., Stone Mountain Bow Strings, L.L.C., Headhunter Bow Strings Inc., and Rocky Mountain Bowstrings, Inc. (collectively, "Defendants"), and would respectfully show that:

### I.

### Discovery Level

1.     Plaintiff intends to conduct discovery in this matter under the discovery order issued by the Court.

### II.

### Jurisdiction and Venue

2.     This Court has personal jurisdiction over the Defendant because it is an entity and/or individual doing business in Texas and/or the cause of action accrued in Texas.

3.     Venue is proper pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(1).

### III.

### Parties

4.     Plaintiff is a resident and citizen of Harris County, Texas.

5.    Defendant Bowtech, Inc. ("Bowtech") is a Delaware corporation that does a substantial amount of business in Texas.  Defendant Bowtech was and is actively engaged in designing, manufacturing, promoting, marketing, distributing, and selling compound archery bows.  Defendant Bowtech has answered this case and may be served through its counsel of record.

6.    Defendant Stone Mountain Bow Strings, L.L.C. ("SMBS") was a Idaho corporation that does a substantial amount of business in Texas. Defendant SMBS was actively engaged in designing, manufacturing, promoting, marketing, distributing, and selling cables, bow strings, and compound archery bows. Defendant HBS may be served with process through its registered agent, Kay Vaughn, P.O. Box 2483, Orofino, ID 83544.

7.    Defendant Headhunter Bow Strings Inc. ("HBS") is a Wisconsin corporation that does a substantial amount of business in Texas. Defendant HBS was and is actively engaged in designing, manufacturing, promoting, marketing, distributing, and selling cables, bow strings, and archery bows. Defendant HBS may be served with process through its registered agent, Jeff Adee, 1162 East High Street, P.O. Box 246, Milton, WI 53563.

8.    Defendant Rocky Mountain Bowstrings, Inc. ("RMB") is a Colorado corporation that does a substantial amount of business in Texas. Defendant RMB was and is actively engaged in designing, manufacturing, promoting, marketing, distributing, and selling cables, bow strings, and archery bows. Defendant HBS may be served with process through its registered agent, Jeffrey D. Eskelson, 820 7th Street, Meeker, CO 81641.

**IV.**

**Facts**

9.    This lawsuit is necessary as a result of the manufacture, design, marketing,

promotion, and sale of a defective compound archery bow, which caused Plaintiff to suffer serious injuries.   In August 2020, Plaintiff purchased a "Diamond by Bowtech Edge SB-1 Compound Bow" (hereinafter "bow") online from a retail store. The product is displayed below:



10.    Upon information and belief, Defendant SMBS, Defendant HBS, and/or Defendant RMB supplied the strings of the bow.

11.    On August 25, 2020, shortly after purchasing the bow online (pictured below), Plaintiff took the bow out of the case in accordance with the manufacturer's instructions and drew the bow string back to measure and test the bow.   As Plaintiff drew the bow string back, the casing of the bow string shattered and shot a piece of metal into Plaintiff's left eye.



12.    Plaintiff was life-flighted to nearby Memorial Hermann Hospital at the Texas Medical Center in Houston, Texas, where he underwent emergency surgery.  As a result of the incident, Plaintiff lost all vision in his left eye and ultimately lost his eye.  He now has a prosthetic eye.

13.    The incident occurred as a direct and proximate result of Defendants' negligence and gross negligence when Defendants:

       a.     Failed to perform their work in a good and workmanlike manner by ensuring that the bow's plastic casing (pictured below) would remain attached to the string when tension was placed on the string;



4

b.  Failed to adequately design the bow in a manner to avoid the bow's plastic casing from ejecting and striking the bow's user;

c.  Failed to properly design the bow's component parts specifically including the bow's plastic casing;

d.  Failed to adequately test the bow's string by placing tension on the string to determine whether the bow's plastic casing would remain attached;

e.  Failed to warn retailers and consumers, including plaintiff about the potential for the string casing to shatter;

f.  Minimized, omitted, or misrepresented hazards associated with the bow's string casing and the risk of serious injuries it posed under ordinary and foreseeable uses; and

g.  Other acts deemed negligent.

14.  The design, manufacturing, and/or marketing defect(s) rendered the bow and its constituent parts unreasonably dangerous.

15.  The design, manufacturing, and/or marketing defect(s), which rendered the bow and its constituent parts unreasonably dangerous, were the producing causes to Plaintiff's injuries.

16.  Plaintiff would not have purchased this configuration of the bow and its constituent parts had he been warned of these defects before the product(s) entered the marketplace.

17.  In addition, Defendants at all times relevant to this action, engaged in the business of designing, manufacturing, marketing, maintaining, distributing, and/or selling the bow and its constituent parts.

18.  Defendants knew or intended that the bow and its constituent parts that they designed, manufactured, marketed, maintained, distributed, and/or sold would be purchased or

used by persons without the ability to adequately inspect the component parts of the product.

19.     The bow and its constituent parts were defective and unsafe for its intended purpose at the time it was sold to Plaintiff.

20.     Defendants knew or should have known that:

a.   The bow and others substantially similar to it designed, manufactured, marketed, distributed, maintained, leased, or sold was defective and dangerous;

b.   The bow and others substantially similar to it could not safely be used for the purposes for which it was intended;

c.   The bow and others substantially similar to it was defective and dangerous, and in conscious disregard of the safety of the public, placed it in the stream of commerce within public markets without warning of the defect;

d.   The bow and others substantially similar to it was placed in the stream of commerce for use without informing users and the public of its defects;

e.   The bow and others substantially similar to it was marketed as safe when in fact it was not;

f.   The bow and others substantially similar to it failed to include a warning that warned retailers of the bow about potential for the string casing to shatter;

g.   Defendants minimized, omitted, or misrepresented the dangers of the bow's string casing and other injuries the bow can cause under ordinary and foreseeable uses;

h.   The bow, as designed, placed too much tension on the bow string under ordinary conditions of use, causing the plastic casing to eject and strike the bow's user;

i.   The bow's component parts, including the bow's plastic casing could not withstand the tension placed on the casing and string when the bow was engaged under ordinary conditions of use;

j.   The bow could feasibly have been designed to incorporate component

parts sufficiently strong to withstand the tension placed on the casing and string when the bow was used as intended; and

k.  The safer alternative designs would have prevented or significantly reduced the aforementioned risks without substantially impairing the bow's utility.

21.     Defendants, in designing, manufacturing, marketing, distributing, maintaining, and/or selling the bow and its constituent parts, and others products substantially similar to them, had a duty to Plaintiff to do so in a reasonable manner and to ensure that the product was without defect.  Defendants breached these duties by placing the defective product(s) into the stream of commerce when they knew or reasonably should have known of the products' defective nature and of its propensity to cause harm to individuals such as Plaintiff.

22.     By placing the bow and its constituent parts, and other products substantially similar to them in the stream of commerce, Defendants impliedly represented that it was safe for the purpose for which it was intended. Defendants made further express representations through product labeling, marketing materials, manuals, and other documents that the bow and its constituent parts was safe for use.

23.     As a direct result of Defendants' conduct, Plaintiff sustained severe injuries, which resulted in physical pain, mental anguish, disfigurement, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, disfigurement, mental anguish, and distress.   In all reasonable probability, Plaintiff's medical problems, disfigurement, physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

24.     In addition, Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent.  Defendants acted with flagrant and malicious disregard of Plaintiff's and others' health and safety.  Defendants were objectively aware of the extreme risks posed by the conduct which caused Plaintiff's injury, but did nothing to rectify them.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk.  Accordingly, Plaintiff is entitled to and seek exemplary damages.

25.     Pursuant to Rule 47, Plaintiff seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

**V.**

**Jury Demand**

26.     Plaintiff hereby demands a trial by jury.

**VI.**

**Prayer**

Plaintiff prays that citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Caj Boatright*

_____
Kurt Arnold
SBN:  24036150
karnold@arnolditkin.com
Micajah Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Alec Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on March 2, 2023.


*/s/ Caj Boatright*
Caj Boatright