United States District Court
Southern District of Texas

**ENTERED**

November 07, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DMITRI LITVINOV, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-1167 |
| | § | |
| BOWTECH, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM AND ORDER**

Bowtech, Inc. manufactures and sells crossbows.  In August 2020, Dimitri Litvinov bought a Bowtech crossbow through an online platform. (Docket Entry No. 22, at ¶ 9).  On August 25, 2020, Litvinov drew the bow string back to measure and test it. (*Id.* at ¶ 11).  The bow string case shattered, ejecting a piece of metal into Litvinov's left eye.  (*Id.*).  Litvinov was life-flighted to a hospital.  Despite emergency surgery, he lost his eye. (*Id.* at ¶ 12). Litinov sued Bowtech, Inc. in state court in March 2022, seeking damages for negligence, gross negligence, and strict liability for defective design, manufacturing defect, and failure to warn. (Docket Entry No. 1).

In March 2022, Bowtech removed to federal court based on diversity jurisdiction. (Docket Entry No. 1 at 3).  In March 2023, Litvinov joined Stone Mountain Bow Strings, L.L.C., Headhunter Bow Strings Inc., and Rocky Mountain Bowstrings, Inc. as defendants, asserting the same claims against them. (Docket Entry No. 22). Headhunter moved to dismiss for lack of personal jurisdiction. (Docket Entry No. 40). Litvinov responded, moving for jurisdictional discovery. (Docket Entry No. 43). Stone Mountain and Headhunter filed a joint motion to dismiss under Rule 12(b)(6), alleging that Litvinov's claims against them were time-barred under the

Texas statute of limitations. (Docket Entry No. 39). Rocky Mountain filed a separate motion to dismiss, also based on limitations. (Docket Entry No. 36).

Based on the parties' briefs, the record, and the relevant law, the court grants Headhunter's motion to dismiss for lack of personal jurisdiction and denies Litvinov's motion for limited jurisdictional discovery because the record is sufficient to resolve the jurisdictional issue. The court grants the motions to dismiss Stone Mountain and Rocky Mountain on the basis of limitations. The reasons for these rulings are set out below.

## I.      The Legal Standard for Dismissal

A federal court may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and exercising jurisdiction is consistent with due process. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *see Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). Because the Texas long-arm statute confers jurisdiction to the limits of due process, "the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Federal due process permits personal jurisdiction over a nonresident defendant with "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of fair play and substantial justice." *Id.* Under Rule 12(b)(2), "[w]hen the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). "Proof by a preponderance of the evidence is not required." *Johnston*, 523 F.3d at 609 (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts

2

contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Id.* (internal quotations omitted). But the district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

The "minimum contacts" aspect of the analysis can be established through "contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction." *Wilson,* 20 F.3d at 647. A court may exercise specific jurisdiction when the "nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, (1984)). To determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Const.*, 85 F.3d at 205 (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

## II.   Analysis

### A.  Personal Jurisdiction

Headhunter argues that this court lacks both general and specific personal jurisdiction over it. (Docket Entry No. 40).  Litvinov does not respond to Headhunter's arguments directly, but instead asks the court to defer ruling and allow him to conduct limited jurisdictional discovery. (Docket Entry No. 43 at 3).

A court may grant jurisdictional discovery when the plaintiff makes a "'preliminary showing of jurisdiction' over a defendant." *Harvest Nat. Res., Inc. v. Garcia*, No. 18-CV-483, 2018 WL 2183968, at *2 (S.D. Tex. 2018) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)).  A preliminary showing is "less than a prima facie showing[,]" *id.*, but jurisdictional discovery is not appropriate absent a preliminary showing that jurisdiction exists and that the discovery sought would add significant facts to the jurisdictional determination. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000).  In *Mayo Marrs Casing Pulling, Inc. v. P&K Equip., Inc.*, No. 2:20-CV-057, 2020 WL 4464318, (N.D. Tex. 2020), a controversy over wind turbines, the plaintiff alleged that the defendant had sent contractors to inspect the wind turbines in Texas.  The court granted the plaintiff's motion for discovery on the contractors' activities and the relationship between the contractors and the defendant, finding that it would be useful to "inform the Court's jurisdictional analysis." *Id.* at *3.  By contrast, courts have denied jurisdictional discovery in products cases when the plaintiff has not alleged facts tying the defendant's actions to the presence of the offending product in Texas, finding a failure "to show [that the] claims arise from or relate to [the defendant's] purposefully limited economic activity in Texas." *Ethridge v. Samsung SDI Co.*, 617 F. Supp. 3d 638, 653 (S.D. Tex. 2022).

Headhunter replies that Litvinov has not made a preliminary showing of jurisdiction that would entitle him to jurisdictional discovery. (Docket Entry No. 46 at 3).  Litvinov's amended complaint simply states that Headhunter "does a substantial amount of business in Texas." (Docket

Entry No. 22 at ¶ 7).  Headhunter argues that it does not have continuous or systematic contacts with Texas because it is incorporated in Wisconsin and has its principal place of business in Milton, Wisconsin. (Docket Entry No. 40 at 4, 6–7).  The Fifth Circuit has held that when a defendant company "never registered to do business in the state, ha[d] never maintained any kinds of business office or records in the state, and ha[d] never paid franchise taxes in the state," the company's activities "are clearly not substantial enough" to justify general personal jurisdiction in Texas. *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). Courts have held that even when a corporation had "four offices, a division focused on wealth management in Texas, 240 employees, and a business presence in Texas," the connections were not substantial enough to establish that the company was "at home" in Texas. *Garcia Hamilton & Assocs., L.P. v. RBC Cap. Mkts., LLC*, 466. F. Supp. 3d 692, 701 (S.D. Tex. 2020).

Headhunter does not have a physical presence in Texas, is not licensed or registered to do business in Texas, and is not registered as a corporation in Texas. (Docket Entry No. 40-1 at 1–2). Headhunter has never "leased, rented, purchased, or controlled any personal or real property in the States of Texas," has never had a bank account or mailing address in Texas, and has never had any employees or representatives residing in Texas to perform business duties in Texas. (*Id.*). This court does not have general personal jurisdiction over Headhunter.

Headhunter also argues that Litvinov has not shown specific personal jurisdiction. (Docket Entry No. 40 at 7). Litvinov alleges that Headhunter "conducts a substantial amount of business in Texas," but he provides no specifics. (Docket Entry No. 22 at ¶ 7).  Headhunter replies that although it sold bow strings to Bowtech, which then used the bow string to manufacture and sell the crossbow in Texas, that contact with Texas is "too attenuated to support specific jurisdiction" over Headhunter. (Docket Entry No. 40 at 8).

5

In the context of product liability cases, the Fifth Circuit has found minimum contacts when "the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014) (quoting *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2012)); *Rawls v. Old Republic Gen. Ins. Grp., Inc.*, 489 F. Supp. 3d 646 (S.D. Tex. 2020). The defendant's contacts with the forum state must be more than "random, fortuitous, or attenuated, or [the result] of the unilateral activity of another party or third person." *Zoch v. Magna Seating (Germany) GmbH*, 810 Fed. App'x 285, 290 (5th Cir. 2020) (quoting *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012)). Simply selling products within the United States is not sufficient; specific jurisdiction requires a showing of an intent to sell to "*Texas* specifically." *Id.* at 292 (emphasis in original). Courts have found specific jurisdiction over a company that placed its product in "the stream of commerce with the expectation that it would be used in Texas," as evidenced by the company's invoice for the sale of the product showing that the product would be shipped to Texas. *Revilla v. H&E Equip. Servs., Inc.*, No. 2:20-CV-00194, 2021 WL 1560661, at *4 (S.D. Tex. Mar. 1, 2021).

Headhunter claims that it "does not presently, nor has it ever, manufactured or sold bow, bow strings or any other component parts in Texas, nor has it shipped any bows, bow string or any other component parts in Texas." (Docket Entry No. 40-1 at 1). Headhunter sells only to manufacturers, none based in Texas. Headhunter does not control the distribution, marketing, or sales of products that use its bow string. (*Id.*; Docket Entry No. 43). The record provides no basis to support an inference that Headhunter has minimum contacts with Texas. Because Litvinov has failed to make a preliminary showing of personal jurisdiction, jurisdictional discovery is not appropriate here.

6

### B.  The Statute of Limitations

Stone Mountain, Headhunter, and Rocky Mountain move to dismiss Litvinov's claims against them as time-barred.  Litvinov's cause of action accrued on August 25, 2020; the statute of limitations expired two years later, on August 25, 2022; and these defendants were not joined until March 2, 2023. (Docket Entry No. 39 at 6–8; Docket Entry No. 36).  Because this court does not have personal jurisdiction over Headhunter, it does not reach Headhunter's motion to dismiss on the basis of limitations.  Litvinov responds that the discovery rule tolled the statute of limitations for his claims because he "could not have known that the injury-causing mechanism was possibly linked to Defendants until after he sued Bowtech, retained experts, and started discovery." (Docket Entry No. 42 at 8).

Under Texas law, "a person must bring suit for . . . personal injury . . . no later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). A cause of action accrues when "a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 721 (Tex. 2016). In general, "the limitations clock is running, even if the claimant does not yet know: the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93–94 (Tex. 2004).  Litvinov does not argue that his amended complaint against Stone Mountain and Rocky Mountain "relates back" to the original complaint for limitations purposes, because the defendants neither knew nor should have known that the "action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15.  Litvinov did not mistake the party, but rather added

7

new parties, and relation back does not apply. *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998).

In Texas, the discovery rule allows plaintiffs to sue outside the two-year limitations period "if they could not have discovered their injuries (with reasonable diligence) within that period." *Gutierrez v. Ethicon, Inc.*, 535 F. Supp. 3d 608, 619 (W.D. Tex. 2021). The discovery rule applies when "the nature of the injury incurred is inherently undiscoverable and the evidence of the injury is objectively verifiable." *Dougherty v. Steve Hart Restoration and Race Preparation, Ltd.*, No. H-19-1924, 2021 WL 5912174, at *5 (S.D. Tex. 2021) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996)). "[W]hether the discovery rule applies turns on whether the injured person is aware that she has an injury and that it was likely caused by the wrongful acts of another." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018).

For example, in *Childs v. Haussecker*, 974 S.W.2d 31 (Tex. 1998), the plaintiff worked as a sandblaster for two years beginning in 1961. Almost 30 years later, after seeking medical treatment from multiple doctors who rejected the plaintiff's suspicions about the cause of his symptoms, he was diagnosed with "work-related silicosis." *Id.* at 35–36. The Texas Supreme Court held that, because reasonable minds could differ on whether the plaintiff should have known of the injury during the period of exposure, the defendant was not entitled to judgment as a matter of law based on the statute of limitations. *Id.* at 46. Similarly, in *Bulox v. CooperSurgical, Inc.*, No. H-21-2320, 2022 WL 2132680, at *2 (S.D. Tex. 2022), the plaintiff had a birth control device implanted in her abdomen. Nine years later, she required surgery after the device migrated and caused her pain. *Id.* The court applied the discovery rule, finding that her injury was "inherently undiscoverable" because neither the plaintiff nor her doctors knew or had reason to know that the device implanted almost a decade earlier was causing her pain. *Id.*

Litvinov clearly knew that he was injured, and how, when the bow string casing shattered and a piece pierced his eye. (Docket Entry No. 22 at ¶ 12).  He had the opportunity to conduct discovery when he sued, and he acknowledges that Bowtech disclosed Stone Mountain and Rocky Mountain in September 2022. (Docket Entry No. 42 at 3). Litvinov's claims against Stone Mountain and Rocky Mountain, filed in March 2023, are time-barred.

## III.    Conclusion

The court grants Headhunter's motion to dismiss for lack of personal jurisdiction, (Docket Entry No. 40), and denies Litvinov's motion for limited jurisdictional discovery, (Docket Entry No. 43). The court grants Stone Mountain and Rocky Mountain's motions to dismiss for failure to state a claim. (Docket Entry Nos. 36, 39).


SIGNED on November 7, 2023, at Houston, Texas.


_____
Lee H. Rosenthal
United States District Judge